UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |
| *Plaintiff,* | |
| v. | |
| | CASE NUMBER: 4:21-CR-20013 |
| MONTINEZ SMITH, | |
| *Defendant.* | |
| _____/ | |

## I.     Procedural Background

On June 10, 2021, a Judgment was entered by United States District Judge Matthew F. Leitman, in which Defendant was sentenced to a total term of 36 months imprisonment for Possession of a Firearm by a Prohibited Person pursuant to 18 U.S.C. §§ 922(g), 924(a)(2) and 3147(1).  (ECF No. 49).

Defendant's term of supervised release began on or about March 22, 2024. (ECF No. 60).  District Judge Leitman issued a warrant for Defendant's arrest based on a violation of supervised release conditions pursuant to an order of this court.

Defendant was arrested in connection with that warrant.  On August 13, 2024, Defendant was brought before the Court on an initial appearance for the alleged violation of supervised release conditions.

Counsel for Defendant was appointed and present at the initial appearance. Defendant later exercised his right to a detention hearing.  A detention hearing was held on September 18, 2024.

## II. Detention or Release Standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under Federal Rule of Criminal Procedure 32.1(a)(6) "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community rests with the person."

### III. Detention Findings.

The Court's findings and reasons for ordering detention, were stated on the record at the September 18, 2024, hearing and are fully incorporated by reference here. The Court finds that it is not persuaded by clear and convincing evidence that Defendant is unlikely to flee or pose a danger if released under § 3142(b) or (c). This evidence was discussed on the record in support of the Court's reasoning and includes, but is not limited to, evidence that: (1) Smith has a history of failing to comply with the terms of his supervision; (2) Smith's criminal history reflects several arrests related to violent offenses, and weapons possession; (3) at the time of arrest for new offense, Smith attempted to flee from law enforcement. Given his poor adjustment to terms of supervision, his criminal history, and his continued possession of firearms as a prohibited person, there is a concern related to a danger to the community. For the combination of factors in this narrative, as well as those stated on the record, detention pending the supervised release violation hearing is warranted.

### IV. Order

I **ORDER** the detention of Defendant without bail pending his supervised release violation hearing before District Judge F. Kay Behm.

Date: September 18, 2024                     s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: September 18, 2024							By s/ Sara Krause
											Case Manager